```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 09-80603-CIV-ZLOCH
```

ANTHONY W. CARRERAS, and
ROBIN EDMONDS,

      Plaintiffs,

vs.                                    **<u>FINAL ORDER OF DISMISSAL</u>**

UNITED STATES PROBATION,

      Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiffs' Complaint (DE 1) and Motion To Proceed In Forma Pauperis (DE 3). The Court has carefully reviewed said Complaint and Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiffs Anthony W. Carreras and Robin Edmonds commenced the above-styled cause with the filing of their Complaint (DE 1) alleging that Defendant United States Probation have prevented them from pursuing a romantic relationship with each other. Pursuant to 28 U.S.C. § 1915(e)(2), a court may dismiss an in forma pauperis complaint if the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). This is so because "[s]ection 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once <u>in forma pauperis</u> status is

granted." Herrick v. Collins, 914 F.2d 228, 229 (11th Cir. 1990).

The United States Supreme Court has held that a complaint is frivolous "where it lacks an arguable basis in law or if fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Factual frivolity means "clearly baseless" on the facts, and legal frivolity means an "indisputably meritless" legal theory.  Id. at 327.  A complaint fails to state a claim where the claims asserted are implausible as pled.  Cf. Bell Atlantic Corp. v. Twombly,550 U.S. 544, 556-57 (2007) (construing Federal Rule of Civil Procedure 12(b)(6)).  That is, a claim must plead "enough factual matter (taken as true) to suggest" that recovery will be warranted.  Id. at 556.

Here, the Court finds that Plaintiffs' Complaint (DE 1) is both frivolous and fails to state a claim upon which relief can be granted.  First, there is no private right secured by the Constitution and made actionable through § 1983 for one convicted felon to pursue a romantic relationship with another.  Second, the Court has no jurisdiction over the terms of Plaintiffs' supervised release.  These claims should be brought to the attention of Plaintiffs' probation officers directly and the district judge presiding over Plaintiffs' criminal cases.  Therefore, the Court finds that there is no arguable basis in law or in fact for Plaintiffs' (DE 1) Complaint to proceed and the claims are implausible as pled.  The Complaint is both frivolous and fails to state a claim upon which relief may be granted; it shall therefore

2

be dismissed.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e) because it is frivolous and fails to state a claim upon which relief can be granted; and

2. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   27th    day of April 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel and Parties of Record